UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESTERN EXPRESS BANCSHARES, LLC,

        Plaintiff,

-against-

GREEN DOT CORPORATION,

        Defendant

Civil Action No. _____

**PATENT COMPLAINT**:

**JURY TRIAL DEMANDED**

Plaintiff Western Express Bancshares, LLC (hereinafter "Western Express" or "Plaintiff"), by and through its attorneys Pryor Cashman LLP, as and for its Complaint against Green Dot Corporation (hereinafter "Defendant" or "Green Dot") alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action against Green Dot for the infringement of U.S. Patent No. 8,498,932 (the "Patent"), arising under the patent laws of the United States, as set forth in Title 35 of the U.S. Code.  A true and correct copy of the Patent along with a Certificate of Correction, are attached hereto as Exhibits A and B.

## PARTIES

2. Plaintiff Western Express is a Delaware limited liability company, with its principal place of business at 86 Drake Avenue, New Rochelle, New York 10805.

3. Upon information and belief, Defendant Green Dot is a Delaware corporation, with its principal place of business 3465 East Foothill Boulevard, Pasadena CA. 91107.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a).

5. Upon information and belief, Green Dot is subject to personal jurisdiction in the Southern District of New York (the "District") consistent with principles of due process and New York law, because Green Dot is, and has been, actively doing business in New York for some time; Green Dot sells and/or is offering to sell its accused infringing product(s) and/or service(s) to New York retailers, resellers and consumers, Green Dot transacts business in this District; Green Dot, by selling and/or offering to sell its product(s) and/or service(s) to New York retailers, resellers and consumers has contracted to supply services in this District; Green Dot, by selling and/or offering to sell its product(s) and/or service(s) to New York retailers, resellers and consumers, has committed acts of patent infringement within this District; Green Dot by selling and/or offering to sell its accused infringing Cash Back Visa® Debit Cards, the Reloadable Prepaid Visa® Cards, Load & Go Prepaid Visa® Cards, and Reloadable Prepaid Mastercard® Cards and associated services to New York retailers, resellers and consumers, has committed direct, contributory and/or induced patent infringement that has injured Western Express within this District, and Green Dot regularly does and/or solicits sales and business in this District and/or derives substantial revenue from goods used and/or services rendered in this District as a consequence of its use and sale of Cash Back Visa® Debit Cards, the Reloadable Prepaid Visa® Cards, Load & Go Prepaid Visa® Cards, and Reloadable Prepaid Mastercard® Cards; and/or Green Dot has otherwise purposefully availed itself of the benefits and protections of the State of New York and its laws in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c)(2) and pursuant to 28 U.S.C. §1400(b).

## BACKGROUND

7. On July 30, 2013, the United States Patent and Trademark Office (the "Patent

Office") duly and lawfully issued U.S. Patent No. 8,498,932 (the "Patent"), entitled "Card Based Transfer Account," based upon an application filed by the inventor, Scott Matthews.  A true and correct copy of the Patent is attached hereto as Exhibit A.

8. On June 3, 2015, the Patent Office issued a Certificate of Correction for the Patent, which is attached hereto as Exhibit B.

9. Prior to the Patent's initial issuance, all right, title, and interest in the Patent was transferred by the inventor to International Gateway Exchange, LLC ("IGE").  By mesne assignments, today, Plaintiff Western Express is the sole and exclusive owner of all right, title, and interest in the Patent and to take actions to enforce and to seek damages and recoveries based upon the rights conferred by ownership of the Patent.

10. Upon information and belief, Defendant Green Dot, without authorization from Western Express (i) has been and is directly and indirectly infringing the Patent by practicing methods that are claimed in the Patent (see, by way of non-limiting examples) Claims 1, 2, 12, 16, 17, 23, 24, 25, 28, 29, 30, 31, and 33; (ii) has been and is contributing to others' (via consumers and retailers using and selling the Green Dot cards) infringement of the Patent; and (iii) has been and is inducing others to infringe the claims of the Patent by practicing methods that are claimed in the Patent.   These acts of infringement are present within this District and, on information and belief, are also present in many other Districts within the United States.

11. By way of example and not limitation, Green Dot is a provider of prepaid, initially fixed amounts of gift-like or debit money cards, including but not limited to the Green Dot Cash Back Visa® Debit Card, the Reloadable Prepaid Visa® Card, Load & Go Prepaid Visa® Cards,  and Reloadable Prepaid Mastercard® Cards, that are distributed by Green Dot within this district and others to retailers and directing and intending the same to be sold to

consumers within the State of New York and throughout other states within the United States. These cards are linked to the Green Dot Bank (a related entity to Defendant) such that an individual consumer and his purchase of the card from the retailer (providing excess funds beyond the mere purchase price of the card) is immediately associated with a specific account in the Bank in the amount by which the purchase for the Card exceeds the amount given to the retailer for its service in making the initial sale.  These cards can either be immediately used by the consumers for purchase of goods and services or need to be registered by the consumer with Green Dot.  In any event, the functionality of the purchased Cards can be modified, after purchase by the consumer, i.e., they can be altered or activated by the consumers' use of a telephone, an ATM, or the internet, whereby the consumer provides personal information of the consumer (and not a mere PIN) to allow an otherwise dormant function of the money card to become "active" or altered with the new functionality being a function other than the withdrawal of money.  The sale of the Cards and acts of use of the same, including the altering and/or activating of the otherwise dormant functions of the Cards are acts of infringement of the claimed method(s) of the Patent.

12.    In 2018, Western Express, through an agent, purchased a Load & Go Prepaid Visa® Card at a retailer located within this District, namely, at Walgreens in New York.  The instructions for use that accompany the Load & Go Prepaid Visa® Card, as sold by retailers to consumers, reflect the steps of the claimed invention method of the Patent and clearly indicate that "This card is ready to use immediately.  No registration is required."

13.    Thus, the Load & Go Prepaid Visa® Card purchased at Walgreens, set forth above, is capable of immediately being used for purchasing product at Walgreens or at another Visa® Card-accepting retail establishment and, yet, it can be altered or activated to become a

Card with additional functions, e.g., reloading of funds, direct deposit to an account associated with the Card, use as a Credit Card, but only upon registering the same with Green Dot, by telephone, an ATM, or by the Internet (per the accompanying instructions provided with the Card, entitled: Cardholder Agreement).  In this case, the Load & Go Prepaid Visa® Card allows for immediate use by the purchasing consumer of the funds associated with the just-purchased card and, yet, when the consumer registers his/her name and other identifying/requested information with Green Dot, the card "morphs" i.e., is altered or activated into a money card with other functionalities e.g., reloading of funds, direct deposit, use as a Credit Card, etc., a function "other than the withdrawal of money."  This clearly infringes upon Claim 1 of the Patent.

14.     Green Dot makes, markets and sells other money cards beyond the Load & Go Prepaid Visa® Card and while some are not immediately useable for purchase of goods and services, they all require that the consumer provide personal information other than a PIN (Personal Identification Number) to activate or alter the functionality of the Card, where that new functionality is not merely the withdrawal of funds from an account.  Thus, the other Green Dot Cards are infringements, too, of the identified US Patent.

15.     Green Dot has profited through infringement of the Patent.  As a result of Green Dot directly and/or contributorily infringing, and/or inducing the infringement of, one or more claims of the Patent, Western Express has suffered, and will continue to suffer, monetary damages.  Western Express is entitled to recover from Green Dot the damages suffered by Western Express as a result of Green Dot's unlawful acts of infringement, but, pursuant to Title 35 U.S.C. Patents, "in no event less than a reasonable royalty."

16.     Green Dot has been notified of its infringement.  A Notice Letter of Infringement

was sent to Green Dot on or about September 21, 2018.  Green Dot, through its counsel, Adam r. Brausa, Esq., acknowledged receipt and responded by letter of October 15, 2018.  By multiple subsequent correspondence between the representatives of the parties, Green Dot has denied liability for patent infringement of the Western Express Patent.

17. Upon information and belief, Green Dot intends to continue its unlawful infringement of the Patent.  Therefore, Western Express continues and will continue to suffer both monetary damage and irreparable harm—the latter having no adequate remedy at law—from Green Dot's unlawful infringement unless the same is enjoined by this Court.  Western Express' loss of control over the terms and offering of their own patented method and money cards and Green Dot's offering of the patented method and money cards to retailers and consumers constitutes both monetary and non-monetary harm to Western Express that can only be remedied by a permanent injunction.  Plaintiffs are therefore entitled to the same.

### CLAIM FOR RELIEF: PATENT INFRINGEMENT

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-17.

19. Upon information and belief, Green Dot has been and is directly and/or contributorily infringing one or more claims of the Patent, and/or has been and is inducing others to infringe the Patent, by, *inter alia*, making, using, offering to sell, or selling in the United States, or importing into the United States, money-like card products and/or providing services covered by one or more of the method claims of the Patent, including, by way of example and not limitation, by its offering for sale by retailers to consumers prepaid money cards, including but not limited to the Load & Go Prepaid Visa® Card.  Other Cards made and sold by Green Dot,

for example, Reloadable Prepaid Visa® Cards, Reloadable Prepaid MasterCard® Cards, and other variants of the same also infringe upon the claims of the subject US Patent.

20. Defendant has committed the foregoing infringing activities without authorization or license from Western Express and with full knowledge of the Patent.

## PRAYER FOR RELIEF

WHEREFORE, Western Express respectfully prays for relief in its favor against Green Dot as follows:

A. For a judgment declaring that Green Dot has infringed the Patent;

B. For an award of damages to Western Express adequate to compensate it for Green Dot's infringement of the Patent pursuant to 35 U.S.C. § 284, but in no event less than a reasonable royalty for Green Dot's use of the methods claimed in the Patent and its sales of cards which use the methods claimed in the Patent and for the lost benefits to Western Express and the ill-gotten benefits to Green Dot as a consequence of the use of the cards by consumers;

C. For an award of damages to Western Express relating to the use and continued use by consumers of the infringing Cards distributed and made available by Green Dot;

D. For a declaration that this case is exceptional, that Green Dot's continuation of infringement, at least for the time after the Notice of Infringement of September 21, 2018, was willful, in bad faith, without just cause and therefore, that Western Express is entitled to fully recover its expenses, costs, and reasonable attorney's fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

E. For a declaration that this case is exceptional and that Green Dot's conduct and knowing infringement, at least for the time after September 21, 2018, justifies Western Express recovering trebling of its damages and/or reasonable royalties;

F.       For an award of pre- and post-judgment interest;

G.       For a judgment enjoining Green Dot from any further acts of direct, contributory and inducing infringement pursuant to 35 U.S.C. § 283; and/or

H.       For any other or further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the US Constitution, Western Express respectfully requests a trial by jury for all issues so triable.

Dated: May 16, 2019
New York, New York

PRYOR CASHMAN LLP

/s/   Andrew S. Langsam

Andrew S. Langsam
NY Bar Number: 1603505
SDNY Member since 10/9/79
7 Times Square, 25th Floor
New York, New York 10036
Telephone: (212) 326-0180
Facsimile:  (212) 515-6969
Email:       alangsam@pryorcashman.com

*Attorneys for Plaintiff Western Express*